Joel Andersen (SBN 262958)
jandersen@nilanjohnson.com
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Telephone: 612-305-7500
Facsimile: 612-305-7501

Attorneys for Defendant
Prime Therapeutics LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| JENNIFER GALLO, individually, and behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIME THERAPEUTICS LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 25CU058596C<br>Honorable Marcella O. McLaughlin<br>Dept. C-7<br><br>**DEFENDANT PRIME THERAPEUTIC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: 10/27/2025<br>Trial Date: None |

Defendant, Prime Therapeutics LLC ("Defendant"), for its Answer to Plaintiff's Complaint, states and alleges as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure Section 431.30, Defendant denies, generally and specifically, each and every allegation, statement, matter and purported cause of action contained in the Complaint and each and every part thereof, including denying that Plaintiff was damaged in the manner or sums alleged, or in any way at all. Defendant denies that any act, omission, fault or conduct on its part caused any harm or entitles Plaintiff and/or any other alleged aggrieved employee to any legal or equitable relief whatsoever.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of the Complaint, and without admitting or acknowledging that Defendant bears any burden of proof as to any of the allegations, Defendant asserts the following affirmative defenses:

1. One or more of the counts in the Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to assert one or more of the claims in the Complaint because she has not quit as of the time she filed the Complaint and has otherwise not suffered an injury in fact.

3. Plaintiff has not suffered any damages for she is entitled to relief, including specifically because she has received all minimum wage, sick pay, and overtime pay to which she is legally entitled. To the extent that Plaintiff had suffered any damages, Plaintiff's claims are foreclosed by the doctrine of accord and satisfaction.

4. To the extent the Complaint and any of the causes of action alleged therein are premised upon conduct that occurred prior to the applicable statute of limitations, the Complaint and any cause of action alleged therein are barred by the applicable statute of limitations, including but not limited to those set forth in California Code of Civil Procedures sections 338 and 340, and California Labor Code section 2699.3.

5. To the extent Plaintiff failed to comply with an applicable policy of Defendant, failed to notify Defendant of any policy or purported wage-and-hour violations, or otherwise failed to take reasonable steps or exercise due diligence in an effort to avoid harm, Plaintiff's alleged harm, if any, is barred in whole or part by her failure to mitigate damages or may otherwise be reduced under the doctrine of avoidable consequences.

6. To the extent Plaintiff delayed notifying Defendant of any purported violation of applicable policy of which she had knowledge and/or purported wage-and-hour violations of which they had knowledge, the Complaint and each cause of action alleged therein are barred by the doctrine of laches, in that the unreasonable delay is prejudicial to Defendant.

7. Plaintiff was knowledgeable of the facts and the policies of Defendant concerning meal and rest breaks, clocking-in, clocking-out, “off the clock” work, timekeeping, overtime, sick time and leave, attendance, and reimbursement of expenses, and never objected to those policies. The allegations as set forth in the Complaint indicate that Plaintiff did not follow these policies. Furthermore, Plaintiff did not notify Defendant of any purported wage-and-hour violations. Defendant justifiably relied on Plaintiff’s knowledge, representations, and other conduct to its detriment. The Complaint and each cause of action alleged therein are, therefore, barred by the doctrines of equitable estoppel and/or waiver.

Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the proceedings in this matter and hereby reserve its right to amend its Answer and to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

a. Plaintiff’s Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby;

b. Defendant be awarded its costs and reasonable attorneys’ fees incurred in connection with the defense of this action; and

c. Defendant be awarded such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS A JURY TRIAL.**

NILAN JOHNSON LEWIS PA

Dated: January 9, 2026

By: */s/Joel Andersen*

Joel Andersen (SBN 262958)
jandersen@nilanjohnson.com
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Telephone: 612-305-7500
Facsimile: 612-305-7501

ATTORNEYS FOR DEFENDANT PRIME THERAPEUTICS LLC

**PROOF OF SERVICE**
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

**Jennifer Gallo v. Prime Therapeutics LLC**
**(Court File No. 25CU058596C)**

I am employed with the law firm of NILAN JOHNSON LEWIS PA, whose address is 250 Marquette Avenue South, Suite 800, Minneapolis, Minnesota 55401. I am over the age of 18 years and not a party to the within action. On January 9, 2026, I served the document named below on the parties in this action as follows:

**DOCUMENT(S) SERVED: DEFENDANT PRIME THERAPEUTIC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**SERVED UPON:**
Arby Aiwazian (SBN 269827) aa@calljustice.com
Andrew Katon a.katon@calljustice.com
Tara Zabehi tara@calljustice.com
James Padelli j.padelli@calljustice.com
Jennifer Aceves (J.aceves@calljustice.com)
Martin Hernandez (Martin@calljustice.com)
e-storagesupport@calljustice.com
Lawyers *for* Justice, PC
450 North Brand Blvd, Suite 900
Glendale, CA 91203
**ATTORNEYS FOR PLAINTIFF**

☐ (BY MAIL) I caused each such envelope, with postage thereon to be placed in the United States mail at Minneapolis, Minnesota. I am readily familiar with the practice of Nilan Johnson Lewis PA for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered or caused to be delivered by an authorized courier such documents by hand to the office(s) of the addressee(s).

☐ (BY ELECTRONIC SERVICE) The above-referenced document was served by electronic transmission via One Legal, sent on the date shown below to the email addresses of the persons listed above.

☒ (BY ELECTRONIC MAIL) I caused a true and correct copy of the above-referenced document to be transmitted electronically to the attorney(s) of record at the email address(es) indicated above.

Executed on January 9, 2026, at Minneapolis, Minnesota.

*/s/Sara Barland*
Sara Barland